UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ROBERT BAGLEY, | No. C-11-2149EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | **(Docket Nos. 16, 17)** |

In 2008, Plaintiff Matthew Bagley filed applications for disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income benefits under Title XVI of the Act, alleging that he became disabled on October 31, 2007. AR 113, 120. He has exhausted administrative remedies. This Court has jurisdiction for judicial review pursuant to 42 U.S.C. § 405(g). Currently pending before the Court are Mr. Bagley's motion to remand under § 405(g), Sentence Six, and Defendant's motion to strike. Docket Nos. 17, 16. Having considered the parties' briefs, as well as all other evidence of record, the Court hereby **GRANTS** Mr. Bagley's motion to remand and **DENIES** the motion to strike as moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2008, Mr. Bagley filed for disability insurance benefits under Title II of the Social Security Act and for Supplemental Security Income benefits under Title XVI of the Act. AR 113. He alleged disability beginning October 31, 2007. AR 120. After the claim was denied initially and on reconsideration, Plaintiff requested a hearing which was held October 2, 2009. AR

61-65 (initial review), 71-75 (reconsideration), 32-56 (hearing).  ALJ Terrill found Plaintiff not disabled on November 3, 2009, and the Appeals Council denied review on March 25, 2011. AR 15-23 (ALJ Terrill's decision), 1-5 (denying review).  Plaintiff then filed the current action on May 2, 2011.  Docket No. 1.

In the meantime, Plaintiff filed a new disability claim alleging disability beginning December 30, 2009, less than two months after ALJ Terrill's unfavorable decision.  Docket No. 10 at 4.  On July 21, 2011, ALJ Benmour issued a fully favorable decision finding Plaintiff disabled as of December 30, 2009.  Docket No. 10, Ex. A.  However, ALJ Benmour found that there was no basis for reopening Plaintiff's prior applications before ALJ Terrill.  *Id.* at 1.

Plaintiff now seeks to remand this action for reconsideration of ALJ Terrill's unfavorable decision.  Plaintiff argues that ALJ Benmour's subsequent favorable decision constitutes new and material evidence warranting a remand for further administrative proceedings.

## II.   DISCUSSION

A.   Motion to Strike

As a preliminary matter, Defendant filed a motion to strike a declaration and supporting exhibits filed by Plaintiff's counsel on November 13, 2011.  Docket No. 15.  These documents are portions of the record before ALJ Benmour in her subsequent decision, and are thus relevant to the question of whether ALJ Benmour's decision is new and material evidence that might change ALJ Terrill's prior decision.  Defendant requested that the Court strike the declaration and documents because they were not accompanied by any motion and because the declarant engaged in impermissible legal argument.  *See* Mot. to Strike, Docket No. 16, at 2.  However, now that Plaintiff has filed a motion to remand and both parties cite to the documents at Docket No. 15, the Court finds that Defendant has in essence abandoned its motion to strike and that in any event, it is moot.[1]  To the extent that Defendant still objects to Plaintiff's counsel's legal argument in his declaration,

---

[1] Indeed, if the Court were to strike the declaration and documents from the record, that would merely provide additional justification for its decision to remand this matter because it would be even less clear whether ALJ Benmour's decision was "easily reconcilable" with ALJ Terrill's decision.  *See Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (remand is not warranted "in a case where an initial denial and subsequent award were easily reconcilable on the record before the court").

the Court does not consider such argument in this Order. Accordingly, the motion to strike is **DENIED** as moot.

B. Motion to Remand Under Sentence Six

    1. Legal Standard

Sentence Six of 42 U.S.C. § 405(g) provides, in relevant part, that "the court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002) ("Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citation omitted). "New evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984) (internal quotation marks and citations omitted) (emphasis omitted)). The Ninth Circuit has found that a subsequent ALJ's decision is material and warrants remand "where an initial denial and subsequent award [are not] easily reconcilable on the record before the court." *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). With respect to good cause, "[i]f new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (citing *Booz*, 734 F.2d at 1380).

In this case, Plaintiff requests remand under Sentence Six so that the ALJ can consider new and material evidence; namely, ALJ Benmour's favorable decision awarding Plaintiff benefits beginning shortly after the date on which ALJ Terrill had denied Plaintiff said benefits. There is no dispute that this evidence is new, as it post-dates ALJ Terrill's decision. In addition, Defendant does not contest Plaintiff's arguments as to good cause, as Plaintiff contends that the evidence did not exist at the time of ALJ Terrill's decision and that he "could not have obtained" it sooner. Mot. at 5

1  (quoting *Key*, 754 F.2d at 1551).  As Defendant makes no argument in its opposition regarding good
2  cause nor any claim of prejudice, the Court determines that good cause is satisfied here.  *See Burton*
3  *v. Heckler*, 724 F.2d 1415, 1417-18 (9th Cir. 1984) ("The good cause requirement often is liberally
4  applied, where, as in the present case, there is no indication that a remand for consideration of new
5  evidence will result in prejudice to the Secretary.").  Accordingly, the only question is whether ALJ
6  Benmour's decision is material to ALJ Terrill's decision, such that there is a reasonable possibility it
7  could change the outcome.

        2.     <u>Application</u>

             a.     <u>Preliminary Matters</u>

10  As a preliminary matter, the Court rejects two arguments proffered by Plaintiff as
11  inapplicable to this matter.  First, to the extent Plaintiff appears to seek review of ALJ Benmour's
12  decision, rather than ALJ Terrill's, the Court rejects such an invitation as ALJ Benmour's decision
13  was issued in a separate matter and is not directly before this Court.  Instead, ALJ Terrill's decision
14  is before this Court.  Therefore, the question before the Court is whether ALJ Benmour's decision
15  constitutes new and material evidence that could affect the propriety of ALJ Terrill's decision.

16  Second, Plaintiff appears to argue that ALJ Benmour constructively reopened ALJ Terrill's
17  decision in granting Plaintiff's second application for benefits, and that therefore remand of ALJ
18  Terrill's decision is warranted.  However, the constructive or de facto reopening doctrine does not
19  apply to cases with this procedural posture.  Instead, this doctrine is an exception to res judicata; it
20  comes into play when a claimant does *not* appeal or seek judicial review of a first ALJ's decision,
21  but *does* seek review of a second ALJ's subsequent decision.  In such a circumstance, a reviewing
22  court attempts to determine whether the ALJ whose decision is under review has considered the
23  merits of the *prior ALJ's* decision, such that the reviewing court may examine the merits of that
24  prior ALJ's decision along with its review of the second ALJ's decision.  *See Lewis v. Apfel*, 236
25  F.3d 503, 510 (9th Cir. 2001) (holding that court could consider evidence from before first ALJ's
26  determination in review of second ALJ's decision because "[r]es judicata does not apply when an
27  ALJ later considers 'on the merits' whether the claimant was disabled during an already-adjudicated
28  period") (quoting *Lester v. Chater*, 81 F.3d 821, 827 & n.3 (9th Cir. 1995) (reviewing a second

ALJ's decision, and commenting that if the second ALJ "considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period," there is a "de facto reopening" and "the Commissioner's decision as to the prior period is subject to judicial review").  Thus, whether a second ALJ has de facto reopened a prior ALJ's decision may be relevant when a court is reviewing the second ALJ's decision.

In this case, however, this Court is reviewing the *first ALJ's* (ALJ Terrill's) decision; the merits of ALJ Benmour's decision are not before this Court.  Thus, it is undisputed that this Court may review the first ALJ's decision, as it is currently under review in this matter.  The relevant question, then, is whether ALJ Benmour's decision constitutes new and material evidence that might change ALJ Terrill's decision, warranting a remand in the instant case.  While the materiality question under Sentence Six may, as a practical matter, involve a similar factual inquiry as the de facto reopening question (*e.g.*, whether ALJ Benmour's decision considered or touched on evidence related to Plaintiff's disability during the time period at issue before ALJ Terrill), the Court need not determine whether ALJ Benmour de facto reopened ALJ Terrill's decision because such a determination would irrelevant where, as here, the Court's authority to review ALJ Terrill's decision is already apparent.  Thus, the Court need only determine whether ALJ Benmour's decision is sufficiently relevant to the time period and allegations at issue in ALJ Terrill's decision to constitute material evidence that might reasonably affect ALJ Terrill's decision.  It is to this question that the Court now turns.

    b.  <u>Need for Remand</u>

It is undisputed in this Circuit that a second ALJ's decision may constitute new and material evidence warranting remand of the first ALJ's decision.  In *Luna v. Astrue*, for example, the Ninth Circuit found that remand was warranted where a second ALJ's favorable disability finding "commenced at or near the time [plaintiff] was found not disabled based on the first application." 623 F.3d 1032, 1034 (9th Cir. 2010).  The court endorsed "the proposition that, 'in certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.'" *Id.* at 1034-35 (quoting *Bradley v.*

5

*Barnhart*, 463 F. Supp. 2d 577, 580-81 (S.D. W. Va.2006) (emphasizing the "tight timeline" from the denial of benefits to the grant of benefits)). In *Luna*, because the court could not "conclude based on the record before [it] whether the decisions concerning Luna were reconcilable or inconsistent," and because "[t]here was only one day between the denial of Luna's first application and the disability onset date specified in the award for her successful second application," the court determined that remand for further factual proceedings was warranted. *Id.* at 1035; *see also id.* at 1034 (citing *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 734 (S.D. W. Va. 2003) ("[I]n certain circumstances, an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim.")).

However, the mere fact of a subsequent decision granting benefits is insufficient to warrant remand. In *Bruton*, the Ninth Circuit upheld a district court's order "denying [plaintiff's] motion to remand his benefits application in light of the later award of benefits based on his second application" because the "second application involved different medical evidence, a different time period, and a different age classification," and therefore was "not inconsistent with the first ALJ's denial of Bruton's initial application." 268 F.3d at 827. The *Luna* court distinguished *Bruton* on the basis that in *Bruton*, the "initial denial and subsequent award were *easily reconcilable* on the record before the court." *Luna*, 623 F.3d at 1035 (emphasis added) (citations omitted). Thus, where the two decisions are close in time and either inconsistent or the reviewing court is unable to determine whether they are inconsistent, remand is appropriate.

In this case, the two ALJ decisions are both close in time and not easily reconcilable based on the record currently before the Court, thus creating a reasonable possibility that ALJ Benmour's decision could change the outcome of ALJ Terrill's determination. *Bruton*, 268 F.3d at 827. Accordingly, remand is warranted.

i. Overlapping Time Periods and Evidence

First, unlike in *Bruton*, here the two ALJ decisions rest on at least partially overlapping time periods and evidence, yet reach different conclusions. ALJ Benmour's decision finds Plaintiff disabled as of December 30, 2009, less than two months after ALJ Terrill issued his November 3,

2009 decision finding the opposite. *See* Docket No. 10, Ex. A, at 1 (ALJ Benmour's decision); AR 15-23 (ALJ Terrill's decision). While this proximity is not as severe as the one-day gap a district court considered in *Hayes v. Astrue*, 488 F. Supp. 2d 560, 564 (W.D. Va. 2007), the two time periods are nonetheless adjacent.

The two decisions also rely on the same claims of disability based on the same general set of ailments. Namely, Plaintiff claimed disability in each case based on, *inter alia*, schizophrenia, psychosis, mood disorders such as anxiety and depression, and learning disabilities. *Compare* AR 20 ("The claimant alleges he can no longer work due to his learning disabilities, psychosis, and anxiety."), *and* AR 20-21 (noting reports of depression, memory problems, dysthymia, psychosis, delusions, severely blunted affect, disorganization and marked functional limitations), *with* Docket No. 10, Ex. A, at 3-5 (noting reports of, *e.g.*, schizophrenia, anxiety, flat affect, depression, memory problems, and paranoia). There is no evidence that the severity of these disabilities materially changed between the two periods. The record before ALJ Benmour indicates generally that Plaintiff's symptoms have been longstanding and ongoing. *See, e.g.*, Docket No. 15-7 at 4 (February 2010 report noting Plaintiff indicates having had these symptoms "all his life"); Docket No. 15-3 at 6 (report from mother describing him as "always" having been a "flat" person). On the basis of the record currently before the Court, there was no acute event that might reasonably be expected to precipitate such a change between the two adjacent time periods. *Cf. Galligan v. Astrue*, 656 F. Supp. 2d 1067, 1094 (D. Ariz. 2009) ("Dr. Levi's records beginning May 9, 2006 regarding treatment *after Plaintiff's fall in April 2006* are not relevant to Plaintiff's condition as of the date of the disability hearing [in November 2005].") (emphasis added).

Similarly, the evidence supporting Plaintiff's claims in each case overlap in both substance and time. Such overlap weighs in favor of remand. *See Reichard*, 285 F. Supp. 2d at 734 (remanding based in part on the fact that "[a] review of ALJ Conover's second decision shows that some of the evidence he considered was in the record before him on the first applications and/or before the Appeals Council."). For example, Dr. Falls began treating Plaintiff (and saw him weekly thereafter) on December 14, 2009, less than two weeks after ALJ Terrill's decision and long before the Appeals Council ruled on Plaintiff's appeal of ALJ Terrill's decision. Docket No. 15-7 at 8. As

ALJ Benmour described, Dr. Falls's reports indicated that Plaintiff was per se disabled under the impairment listings. Docket No. 10, Ex. A, at 3. Although ALJ Terrill did not consider Dr. Falls's opinions, the Appeals Council considered two 2010 letters from Dr. Falls in its review of ALJ Terrill's decision and included them in the record in this matter. AR 1-4, 192-210.[2] Thus, were this Court to review the merits of ALJ Terrill's decision, Dr. Falls's reports accepted by the Appeals Council would have to be incorporated into this Court's substantial evidence review. *See Brewes v. Comm'r of Soc. Sec. Admin.*, ---F.3d ----, 2012 WL 2149465, *1 (9th Cir. June 14, 2012) ("We hold that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying the review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.").

Additionally, the record before ALJ Benmour included reports from Dr. Kozart that were also part of ALJ Terrill's record, including notes from 2008 and a September 28, 2009 note indicating Plaintiff was schizophrenic and poorly compliant with medications, and that his condition was the same as a year prior. Docket No. 15-6 at 5. These notes pre-date ALJ Terrill's decision. The record further indicates that Dr. Kozart's reports played a role in *both* ALJ decisions, adding to the difficulty in reconciling the two contrary conclusions.

ii. Additional Evidence

The record also indicates that the record before ALJ Benmour contained additional material evidence that strengthens Mr. Bagley's claims before ALJ Terrill, thus creating a "reasonabl[e] possibility that the new evidence would have changed the outcome of" ALJ Terrill's determination. *Bruton*, 268 F.3d at 827. One of the key points in ALJ Terrill's decision was that he rejected Dr.

---

[2] The Appeals Council stated that it considered Dr. Falls's September 3, 2010 letter and Medical Source Statement of Ability to do Work-Related Activities, and the Council "found that this information does not provide a basis for changing the [ALJ's] decision." AR 1-2, 5. The Council did not specify its reasons for that conclusion, so it is unclear based on the record whether the Council simply found the information insufficient or unpersuasive, or whether it found that the information was not pertinent given the evaluation time period. Because the record is unclear, remand is appropriate. *See Luna*, 623 F.3d at 1035; *see also Daniel v. Astrue*, CV 10-4825-JEM, 2011 WL 3501759, at *6 (C.D. Cal. Aug. 9, 2011) (finding need for remand based in part on Appeals Council's failure to explain why subsequent evidence, including subsequent grant of benefits, did not warrant changing initial decision).

1. Kozart's treating physician opinion because of his limited treatment history and record. *See* AR 21. However, ALJ Benmour had the benefit of additional treatment notes and records from Dr. Kozart, which she found persuasive and consistent with the subsequent, more comprehensive treatment records from Dr. Falls. *See* Docket No. 10, Ex. A, at 4. For example, ALJ Benmour's record contained a November 9, 2009 progress note from Dr. Kozart, postdating ALJ Terrill's decision by only six days. *Id.* at 3-4. Dr. Kozart's note indicated that Plaintiff had not been properly taking his medications and was even more "flat" than the last time he had seen him. *Id.* at 3. Dr. Kozart described him as "frustrated, flat, upset" and described him as having schizophrenia. *Id.* Follow-up notes from November 19, 2009 indicate similar symptoms of schizophrenia, anxiety, and paranoia. *Id.* at 4. Dr. Kozart's additional consistent treatment notes thus respond directly to ALJ Terrill's criticisms in his order, and could change the weight he gives to this treating physician's opinion. *See generally Lester*, 81 F.3d at 830 (providing that treating physicians' opinions are generally accorded more weight and that ALJs must provide "specific and legitimate" reasons along with "substantial evidence in the record" in order to disregard them in favor of non-treating opinions) (internal citations omitted).

In addition, Dr. Falls's notes provide some potential explanation for Plaintiff's previously spotty treatment history; he describes his symptoms in part as manifesting in a "lack of trust" of mental health professionals, and that as a result he has had "minimal contact" with such professionals in the past. *See* Docket No. 15-7, at 4. Dr. Falls also reaches similar conclusions to Dr. Kozart regarding Plaintiff's mental impairments, though not always using the same terminology. *Compare, e.g.*, *id.* at 4-6 (Dr. Falls describing severe anxiety around people, depression, memory problems, distrust of others, and isolation), *with, e.g.*, Docket No. 15-6 (Dr. Kozart describing depression, alienation from people and difficulty talking to people, frustration, social anxiety, and paranoia). His opinions therefore could bolster the persuasive value of Dr. Kozart's opinions before ALJ Terrill. The more complete record before ALJ Benmour thus creates a "'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application," which renders remand appropriate for further administrative consideration of the earlier ALJ determination. *Luna*, 623 F.3d at 1035 (quoting *Booz*, 734 F.2d at 1380-81).

9

In short, the court is unable at this point to "easily reconcil[e]" the two decisions and the records on which they were based. *Luna*, 623 F.3d at 1035. Instead, the record "indicates that further consideration of the factual issues is appropriate to determine whether the outcome of the first application should be different." *Luna*, 623 F.3d at 1035 (quoting *Booz*, 734 F.2d at 1380-81). Accordingly, Plaintiff's motion to remand for further proceedings is **GRANTED**.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand under Sentence Six is **GRANTED**, and Defendant's motion to strike is **DENIED**. This action is hereby remanded to the Commissioner of Social Security pursuant to Sentence Six of 42 U.S.C. § 405(g), to allow the Commissioner to remand Plaintiff's claim to the Administrative Law Judge to hold a *de novo* hearing and issue a new decision based upon a complete record.

"In a sentence six remand case, the Court retains jurisdiction following the remand." *Parquet v. Astrue*, C-96-01855 DLJ, 2011 WL 5030012, at *1 (N.D. Cal. Oct. 11, 2011) (citing *Melkonyan v. Sullivan*, 501 U.S. 89 (1991)). "The statute provides that following a sentence six remand, the Secretary must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Melkonyan*, 501 U.S. at 98 (quoting 42 U.S.C. § 405(g)); *see also Carol v. Sullivan*, 802 F. Supp. 295, 300 (C.D. Cal.1992) ("A sentence six remand judgment . . . is [] always interlocutory and never a 'final' judgment.")). Accordingly, the Commissioner is directed to return to this Court following completion of the administrative proceedings on remand so that the Court may complete any necessary proceedings and enter a final judgement or dismissal. *Davis v. Astrue*, 1:08-CV-00525 TAG, 2008 WL 4582498, at *1 (E.D. Cal. Oct. 14, 2008). The parties are directed to file Joint Status Reports with this Court, commencing

///
///
///
///
///

November 30, 2012, and continuing every ninety (90) days thereafter until further order of this Court. A further CMC will be held on December 7, 2012.

This Order disposes of Docket Nos. 16 and 17.

IT IS SO ORDERED.

Dated: August 14, 2012

_____
EDWARD M. CHEN
United States District Judge